IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

AUG 25 2009

Alexandria Division

| | |
|---|---|
| Rodney Leroy Nelson-Bey,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:09cv757 (JCC/IDD) |
| | ) |
| Ralph Eaton, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Rodney Leroy Nelson-Bey, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants violated his Eighth Amendment right to be free from excessive force. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I. Background

Plaintiff, an inmate at the Federal Correctional Complex in Petersburg, Virginia, filed this complaint against Senior Officer Specialist Ralph Eaton, A-North Case Manager E. Brown, Captain Evans, and Warden Patricia Stansberry. Plaintiff alleges that on May 22, 2008, as he was exiting

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

the "chow hall" with another inmate, he was "pat-searched" by defendant Eaton. During the search, Eaton "ran pass [sic] [plaintiff's] phone book" in his pocket. Compl. 3. Plaintiff alleges that when he pulled the phone book from his pocket to show Eaton, defendant grabbed plaintiff by the wrist and twisted his arm behind his pack, "causing pain and discomfort" in plaintiff's wrist and shoulder. Compl. 3. Plaintiff states that another officer then had to intervene. Compl. 3.

When plaintiff returned to his housing unit, A-North, he requested an administrative remedy form. Compl. 3. Defendant Brown asked plaintiff why he needed the form, and he told her that he needed to file a grievance in regards to Eaton's conduct. Compl. 4. Plaintiff claims that instead of receiving a form, he was escorted to a lieutenant's office, then to the medical department for medical attention, and then to the Special Housing Unit for a month and two days "pending an investigation." Compl. 4.

Plaintiff alleges that Eaton's actions were "brutal, physically violent, intimidating, and beyond reasonably necessary." Compl. 4. He alleges that because of Eaton's actions he required medical treatment. He states that at no time did he "resist or display any conduct that warranted the use of any kind of force." Compl. 4. Plaintiff claims that defendant Stansberry and Captain Evans knew of Eaton's actions "towards other inmates that were in the same manner" as plaintiff's "situation." Compl. 4. He asks for $8,000,000 in damages, and to have all medical expenses paid, both while in prison and once he is released. Compl. 4.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar

standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, a court need not accept plaintiff's legal conclusions as true. Id.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Merits

Plaintiff's factual allegations, taken as true, fail to rise to the level of a Constitutional deprivation. The proper inquiry in evaluating a claim of excessive force is "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). To demonstrate excessive force in violation of the Eighth Amendment, the prisoner must satisfy two requirements. Stanley v. Hejirika, 134 F.3d 629, 633-35 (4th Cir. 1998). First, the prisoner must establish that the

force "inflicted unnecessary and wanton pain and suffering." Id. at 634 (quoting Hudson v. McMillian, 503 U.S. 1 (1992)). Second, the prisoner must show that the officer's actions, taken in context, were "objectively harmful enough to offend contemporary standards of decency." Id. (internal citations omitted). As an additional preliminary matter, the Fourth Circuit has expressly stated that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (finding persistent pain in thumb where officer hit inmate with keys de minimis); see also Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (abrasions on wrists and ankles, slight swelling in the jaw area, and tenderness over some ribs considered de minimis); Marshal v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001) (headache, abrasion, numbness and "swelling knots all over his body" considered de minimis). Furthermore, the absence of medical documentation of injuries weighs heavily against a finding of excessive force. Stanley, 134 F.3d at 637-38.

Here, plaintiff has not presented facts to demonstrate that his injury was anything more than de minimus. Plaintiff's complaint states only that at the time of the incident he experienced some pain and discomfort in his wrist and shoulder, and that he required medical attention. However, attached to plaintiff's complaint is a Radiologic Consultation Request/Report, dated August 10, 2008. The report indicates that an examination was done of plaintiff's left shoulder, and the conclusion was that plaintiff has osteoarthritis, a degenerative joint disease. Thus, although he does not allege continuing pain, to the extent such a claim may be inherent in his complaint, the report indicates that plaintiff has an existing condition unrelated to the incident with Officer Eaton. Moreover, the report states that there is "no acute fracture or dislocation." Thus, nothing more than a de minimus injury resulted from Eaton's actions. Plaintiff's allegations then fail to rise to the level

necessary to support a claim of excessive force.

Even assuming plaintiff has stated something more than a <u>de minimus</u> injury, there are no facts alleged to support concluding that Officer Harris's actions were done maliciously or sadistically. Plaintiff makes only generalized legal conclusions that Eaton's actions were excessive, brutal, and not reasonably necessary. Such conclusory statements, without factual support, are insufficient to support a claim of a violation of plaintiff's Eight Amendment rights, and the claim against Eaton must be dismissed for failure to state a claim pursuant to § 1915A.

Additionally, plaintiff has named E. Brown, the case manager in his housing unit, as a defendant. Yet, plaintiff fails to allege any action taken by Brown that violated his constitutional rights. Similarly, plaintiff names Captain Evans and Warden Stansberry as defendants, claiming they knew of actions taken by Officer Eaton towards other inmates that were similar to those actions taken against plaintiff. However, a warden or other supervisor is not liable under § 1983 simply because he supervises individuals at the correctional institution who may have violated plaintiff's rights. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948 (2009) (explaining that "vicarious liability is inapplicable to <u>Bivens</u> . . . suits"). As a result, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> Here, the complaint fails to allege that Stansberry or Evans took any specific actions to violate plaintiff's constitutional rights. As a result, plaintiff also has failed to state a claim against these three defendants, and his complaint must be dismissed pursuant to § 1915A.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 25th day of August 2009.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.